CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
December 31, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Alex Christopher Yates, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:25-cv-50032 |
| ) | |
| Northwestern Regional Adult Detention ) | |
| Center *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Alex Chrisopher Yates, formerly incarcerated at the Northwestern Regional Adult Detention Center and proceeding *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 against multiple defendants.[1] Yates filed an amended complaint, (Dkt. 9), naming Officer Kiebler and Sergeant Steward as Defendants. Yates complains that Defendant Kiebler verbally abused him and that Defendant Steward took away the two sleeping mats to which Yates was permitted because of recent surgery, causing him to sleep on concrete next to a urinal. (*Id.* at 2.)

This matter comes before the court on Defendants Kiebler and Steward's motion for summary judgment. (Dkt. 21.) Defendants move for summary judgment based upon Yates' failure to exhaust administrative remedies. (Dkt. 22 at 1.) Yates did not oppose the motion. For the reasons that follow, the court will grant the motion, in part, and dismiss this action.

---

[1] The original complaint faulted the "head of nursing" (who was not specified by name) for failing to provide double sleeping mats as had been recommended by Yates's outside physician. (Dkt. 1 at 2.)

### I. Standard of Review

Under Rule 56, summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists only where the record, taken as a whole, could lead a reasonable jury to return a verdict in favor of the nonmoving party. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009). In making that determination, the court must take "the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011).

A party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation omitted). Moreover, "[t]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247–48. Instead, the non-moving party must produce "significantly probative" evidence from which a reasonable jury could return a verdict in his favor. *Abcor Corp. v. AM Int'l, Inc.*, 916 F.2d 924, 930 (4th Cir. 1990) (quoting *Anderson*, 477 U.S. at 249–50).

Additionally, the court must dismiss a complaint filed *in forma pauperis* "at any time" the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

While the court will construe *pro se* complaints liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the plaintiff must state a right to relief that is cognizable and plausible on its face. *See Iqbal*, 556 U.S. at 678.

## II.    Analysis

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), requires that inmates exhaust available administrative remedies prior to filing civil actions. *Woodford v. Ngo*, 548 U.S. 81 (2006); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). "[A] court may not excuse a failure to exhaust, even to take [special] circumstances into account" because the PLRA's mandatory exhaustion scheme "foreclos[es] judicial discretion." *Ross v. Blake*, 578 U.S. 632, 639 (2016).

Lack of exhaustion is an affirmative defense that must be asserted a defendant. Once the defendant has made a threshold showing of failure to exhaust, the burden shifts to the plaintiff to show that such administrative remedies were unavailable. *Washington v. Rounds*, 223 F. Supp. 3d 452, 459 (D. Md. 2016) (citing *Graham v. Gentry*, 413 F. App'x 660, 663 (4th Cir. 2011)). Whether an administrative remedy has been exhausted for purposes of the PLRA "is a question of law to be determined by the judge." *Creel v. Hudson*, No. 2:14cv10648, 2017 WL 4004579, at * 3 (S.D. W. Va. 2017) (quoting *Drippe v. Tobelinski*, 604 F.3d 778, 782 (3d Cir. 2010); *see also Woodhouse v. Duncan*, 741 F. App'x 177, 178 (4th Cir. 2018) ("[J]udges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury." (citation omitted)).

As evidenced by the affidavit of Superintendent Clay Corbin, Northwestern Regional Adult Detention Center has an established grievance process (SOP 5.03) explained in the inmate handbook. (Dkt. 22-1 at ¶¶ 6-13; *id.* Ex. 1.) Inmates must first complete the informal request process by submitting an inmate request. (*Id.* ¶ 9.) Once the inmate request form is answered by staff, the inmate can then submit a grievance form, and adverse decisions can be appealed. (*Id.* ¶¶ 11–13.) According to the affidavit of Corbin, Yates never filed any grievances during his incarceration. (*Id.* ¶ 19.) He filed only inmate request forms asking that the medical department provide him the sleeping mats, and those forms do not mention any acts of Steward or any allegation that correctional officers took his mats. (*Id.* ¶¶ 15–17, 10–11 (forms).) Yates did not respond to the motion for summary judgment and thus did not dispute any of these facts. Therefore, as to Yates's claim against Steward related to the sleeping mats,

the court finds that there exists no genuine dispute as to a material fact (*i.e.,* whether Yates administratively exhausted this claim) as is required.

Similarly, Defendants claim that Yates did not file any grievance in connection with his claim against Kiebler, and Yates has provided no evidence that he did so. (*Id.* ¶¶ 18–19). Yates, however, states in his claim against Defendant Kiebler in the amended complaint that he "filed a grievance to the major but the other officers wouldn't file it." (Dkt. 9 at 5.) Even were the court to accept this statement along with the verified original complaint's reference to exhaustion (which contends without any detail that Yates exhausted administrative remedies "every way I know how to," (Dkt. 1 at 1)), as sufficient to create a genuine issue of disputed material fact as to exhaustion, Yates's claim against Kiebler still could not proceed because it does not state a plausible claim of entitlement to relief.

Yates relates a single incident of verbal abuse by Kiebler. Verbal abuse alone does not establish a violation of the Constitution. Generally speaking, "not all undesirable behavior by state actors is unconstitutional." *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995). "Mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983." *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (unpublished table opinion) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)); *see also Morva v. Johnson*, No. 7:09-cv-00515, 2011 WL 3420650, at *7 (W.D. Va. Aug. 4, 2011) (collecting authority for the proposition that "[v]erbal harassment or idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety," do not give rise to a claim). Accordingly, the court will dismiss this claim against Defendant Kiebler as it fails to state a claim on which relief may be granted.

### III.  Conclusion and Order

In accordance with the above reasoning, the court **GRANTS** Defendants' motion for summary judgment as to Defendant Steward and **DISMISSES** Yates's claim against Defendant Kiebler pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Yates and to **CLOSE** this case.

**IT IS SO ORDERED.**

**ENTERED** this 31st day of December, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE